LAW OFFICE OF

# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

JOHN M. GURRIERI
JMGURRIERI@ZELLERLEGAL.COM

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

June 30, 2020

**VIA ECF**

Hon. Lorna G. Schofield, United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse

Re: *Irizarry v. Cortlandt Associates LLC et al*, 19 CV 9602 (LGS)

Dear Judge Schofield:

  This firm represents the plaintiff in the above-referenced action. The plaintiff moves pursuant to Local Civil Rule 37.2 for a promotion conference in anticipation of a motion to compel discovery pursuant to Federal Rule of Civil Procedure (FRCP) 37(a)(3)(B)(iii) and (iv). This case is for unpaid wages owed to a janitor/superintendent of a residential apartment building. Throughout this case, there has been dispute over the extent to which the plaintiff worked for the defendants, if at all. Thus, documents and information confirming the extent of his work and his hours worked for the defendants is crucial to this case.

  Plaintiff first raised these discovery issues on the afternoon of June 29, 2020, after the Court denied plaintiff's motion for an extension of the discovery deadline. The parties have conferred about deficiencies in defendants' responses today at approximately noon by telephone pursuant to Local Civil Rule 37.2 and Your Honor's individual rules of practice. The parties were able to agree that the defendants would supplement their interrogatories with a verification and provide a deed for the building that defendants testified in deposition states that plaintiff was a superintendent for the building. Nonetheless, the parties, as outlined below, were not able to come to an agreement today about every outlying discovery issues.

  The defendants sent plaintiff a follow-up email after the call today stating their positions on each discovery issue more clearly, excerpts of which plaintiff has included in this letter motion. Generally, defendants stated that "we believe that the raising of these issues on the next to last day of the discovery period was dilatory and could have been raised much earlier. The interrogatory responses were dated March 16 and depositions commenced on June 2 and concluded on June 24. To raise these issues on the afternoon of June 29 is untimely. Nonetheless, we would like to resolve these issues if we can."

  The plaintiff served requests for production of documents pursuant to FRCP 34 and interrogatories pursuant to FRCP 33 on January 10, 2020, and defendants' answers to each are dated March 16, 2020. The plaintiff wishes to compel responses to the following requests.

**Document Request #3**

Plaintiff's document request 3 asks for "All documents concerning the hours worked, times of arrival and departure from work, times of commencement and de-commencement of work, times of breaks or meals, for plaintiff including all time slips, time cards, time clock outputs, journals, or log-on and log-off timestamps, for the time commencing six years before the date of the complaint."

Defendants' response stated: "Defendants object to the foregoing request to the extent it is overbroad, unreasonably cumulative and/or duplicative and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, defendants have no responsive documents because plaintiff was not employed by defendants."

The plaintiff produced, as part of plaintiff's document production in response to defendants' demands, delivery slips with the plaintiff's name on them. These documents show materials that were purchased by defendants and delivered to the residential apartment building where plaintiff would receive them. The plaintiff only had a few of them in his possession. It is plaintiff's position that these documents will help to show dates when the plaintiff was receiving deliveries. The extent to which he was doing so is important to plaintiff establishing he was employed by defendants, and how many hours he worked for them. These documents "concern[] the hours worked" as plaintiff's requests asks for, and therefore plaintiff is entitled to them. In deposition, defendant Edward Khalil confirmed that he keeps records and documents regarding the building at his office. Plaintiff is entitled to any remaining delivery slips, and they are relevant to this action.

Defendants' position is as follows "We will undertake to see if the…delivery slips are available...The relevance of the delivery slips is marginal at best. They do not show the amount of time required to accept delivery. Inasmuch as there were only six units in the building, the number of deliveries for repairs would be de minimis. Nonetheless, we will see if they are available."

**Plaintiff's Interrogatory #12**

Plaintiff's interrogatory 12 states "Identify any person having knowledge of hours worked, times of arrival and departure from work, times of commencement and de-commencement of work, and times of breaks or meals of the plaintiff for the defendants' business or the wages paid the plaintiff by the defendants' business for the time commencing six years before the date of the complaint."

Defendants' response was "Defendants object to this interrogatory to the extent it is overbroad, unreasonably cumulative and/or duplicative and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, no one has knowledge of the information requested by plaintiff because plaintiff was not employed by defendants."

It is plaintiff's position that this interrogatory entitles plaintiff to the name and addresses of tenants. Local Civil Rule 26.3(c)(3) states that "identify" "means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person,

additionally, the present or last known place of employment." The tenants of the building will have knowledge of the scope of plaintiff's work, how often he was cleaning the building generally, and will also be able to provide information regarding whether or not and how often plaintiff responded to complaints of tenants and made repairs for them. This information is relevant and important because defendants stated that their process for dealing with tenant complaints was to use third party contractors and not plaintiff. Plaintiff needs the opportunity to contact tenants informally or potentially subpoena them to testify about the scope of plaintiff's work in the building. They will also have knowledge that will help to demonstrate total amount of hours worked per week.

Regarding the tenants, defendants in their email stated "With respect to the identity of tenants, we do not know which, if any, tenants had knowledge of your client's work hours. Clearly, this could have been pursued months ago." Plaintiff responds that clearly any tenant who was a tenant while plaintiff was working as janitor will have relevant knowledge.

The plaintiff, by interrogatory 12, also seeks the address and employment statuses of Anna Martinez and Rosario Ruiz. These two individuals were identified by the 10% owner of the business, Maurice Mackenzie, in his deposition. He stated that through 2016, plaintiff worked for him in the building as superintendent, and that Ms. Martinez and Ms. Ruiz, also worked for him to help manage the building at his office. These two individuals may also have knowledge regarding the scope of plaintiff's work for defendants at the building and may help to elucidate the amount of hours plaintiff worked. Defendants' state that "Finally, with respect to the two employees in the office, we do not believe they would have any knowledge of your client's work hours since they were not on the premises."

I thank the Court for its time and attention to this matter.

Respectfully submitted,

*John Gurrieri*

John M. Gurrieri

Application DENIED for the reasons stated in the Order at Dkt. No. 35, which denied Plaintiff's request to extend the discovery deadline beyond June 30, 2020.

Dated: July 1, 2020
      New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3