**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Date of Service: October 8, 2020**

**ELADIO A. IRIZARRY,**

**Plaintiff,**

**-against-**

**CORTLANDT ASSOCIATES LLC, EDWARD KHALIL and PAUL SOHAYEGH, jointly and severally,**

**Defendants.**

Index No.: 19 CV 9602 (LGS)

---

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

---

By: Martin Gringer, Esq.
FRANKLIN, GRINGER & COHEN, P.C.
*Attorneys For Defendants*
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131

# Table of Contents

INTRODUCTION .....1

BACKGROUND .....1

PURPOSE OF IN LIMINE MOTION .....4

STANDARDS OF ADMISSIBILITY PURSUANT TO THE FEDERAL RULES OF EVIDENCE .....5

PLAINTIFF'S FIRST MOTION IN LIMINE SHOULD BE DENIED .....6

PLAINTIFF'S SECOND MOTION IN LIMINE IS MOOT .....8

PLAINTIFF'S THIRD MOTION IN LIMINE SHOULD BE DENIED .....8

CONCLUSION .....10

## INTRODUCTION

This Memorandum is submitted by Defendants in opposition to Plaintiff's three Motions In Limine [Docket Nos. 40-46].[1] In sum, and as set forth more fully below, Defendants do not intend to offer evidence concerning Plaintiff's arrests making Plaintiff's Second Motion in Limine moot. Further, Plaintiff has failed to assert a proper basis to exclude testimony and documentary evidence regarding Plaintiff's conduct in the basement located at 327 153rd Street as well as testimony and documentary evidence regarding Plaintiff's income from sources other than Defendants during the time Plaintiff alleges he worked for Defendants. Accordingly, for the reasons set forth herein, Plaintiff's First and Third Motions in Limine should be denied.

## BACKGROUND

Plaintiff has claims for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") as well as claims for recordkeeping violations of the NYLL. See Plaintiff's Complaint annexed to the Affirmation of Martin Gringer, dated October 8, 2020, as Exhibit A. Plaintiff alleges he worked as a superintendent at a six-unit residential apartment building located at 327 East 158th Street (hereinafter "327"). See Deposition Transcript of Elazio Irizarry, annexed to the Gringer Aff. as Exhibit B, p. 74:4-10. Plaintiff testified that such arrangement resulted from the sale of 327 by Plaintiff's father to Defendant Cortlandt Associates, LLC ("Cortlandt"). Plaintiff's father had previously provided Plaintiff with a lease in which Plaintiff was allowed to use the basement at 327 rent free for any purposes even though Plaintiff had an apartment in an apartment building located at 796 Courtland Street (hereinafter "796") which is not owned by Defendants. *Id.*, pp. 47:14-50:5. Plaintiff testified his father gave him such lease to use the basement at 327 in case he

1 For judicial economy, Defendants have consolidated their responses to all three motions herein.

had no other place to stay and so that he could use it if he needed to smoke a joint or drink. *Id.*, pp. 48:21-49:13.

Plaintiff claims that after his father sold 327 to Cortlandt, he performed work as a janitor at 327 for Defendants through June 13, 2019 and was not paid for such work. Gringer Aff., Ex. A, ¶ 20. Plaintiff asserts that he worked over forty hours a week performing such janitorial duties at 327. *Id.*, ¶ 22. Defendants contend that Plaintiff's testimony regarding the time he performed work at 327 is not credible on its face and even more incredible when the other jobs and responsibilities Plaintiff testified he performed during the time he worked for Defendants are considered.

In describing his typical workday, Plaintiff testified he started work at 8:00 A.M. when he would clean the garbage and sidewalks in front of 327 and 796 which would take three hours. Gringer Aff., Ex. B, pp. 79:6-80:2. Plaintiff testified at 11:00 A.M. he would check the boiler at 327 which took half an hour. *Id.*, p. 82:8-12. Plaintiff testified at 11:30 A.M. he would clean and mop the hallways of the three floors and take down garbage at 327 which would take two hours. *Id.*, p. 83:4-84:9. Plaintiff testified that at 1:30 P.M. that he would then check to see if there was any garbage in front of 327 which would take a half-hour. *Id.*, pp. 84:11-85:12. Plaintiff testified that at 2:00 P.M., he would check the boiler at 327 again which would take a half hour. *Id.*, pp. 88:18-89:16. Plaintiff testified that at 2:30-3:00 P.M. he would check again if there was any more garbage in front of 327. *Id.*, pp. 89:5-90:2. Plaintiff testified that after 3:00 P.M., he did repairs at the residential units at 327 until 6:00 P.M. *Id.*, pp. 89:17-90:10; 91:16-21.

In addition to purportedly working at 327, Plaintiff worked as a janitor at 796 (the building he lived). *Id.*, pp. 45:3-13. Plaintiff testified he worked thirty to forty hours a week performing work at 796 (which is also a six-unit residential building). *Id.*, pp. 92:3-6. Plaintiff

testified that beginning at 6:00 P.M. he would go to 796 to sweep, clean and mop the hallways. *Id.*, pp. 86:23-87:22. Defendants believe that Plaintiff's claimed hours performing work at 327 are simply not believable on their face as to the time he claims he spent working at the tasks at 327 particularly given that building's size. Coupled with Plaintiff's testimony that he spent another forty hours working at 796, and Plaintiff's testimony that Plaintiff spent time selling parts on Craigslist, forgetting time Plaintiff would have to take to eat, sleep, perform other errands, Plaintiff's testimony regarding the time he performed work for 327 is not credible on its face. *Id.*, pp. 76:16-77:8.

Moreover, Plaintiff testified that during such time he worked a minimum of twenty hours to forty hours a week performing tasks for Defendants in 327's basement (where Plaintiff was given a lease to use such basement for his own use). *Id.*, pp. 56:18-58:12. Plaintiff testified that he spent between three to ten hours a day in the basement. *Id.*, p. 56:6-11. He claims that the time spent in the basement was to get supplies, fix the boiler, and sometimes to mop up water in the basement. *Id.*, pp. 58:20-60:9; 64:4-10. However, Plaintiff's testimony regarding the alleged time he spent in the basement does not comport with the work he claims he performed at 327 during a typical workday. Again, Plaintiff's testimony that he spent twenty to forty hours just in the basement of 327 performing work for Defendants when considering the alleged work he claims he performed is simply not credible.

Defendants had discovered equipment such as a slot machine, papers relating to gambling operations, posters relating to horse race betting, and other gambling paraphernalia and equipment in the basement of 327. See Gringer Aff., Ex. C. Notably although Plaintiff has denied he was engaged in any gambling activities, when asked if there was a slot machine in the basement, Plaintiff plead the Fifth Amendment. Gringer Aff., Ex. B. pp. 53:20-54:9; 139:15-

140:2. As Plaintiff had a lease allowing him to use such premises, one can surmise Plaintiff was involved in such operations and at the very least, should be chargeable with same due to his leasehold possession. Obviously any time spent by Plaintiff relating to such operations in the basement of 327 would mean Plaintiff was not able to perform work on Defendants' behalf. Further, given the Plaintiff's testimony that he spent twenty to forty hours performing work only in the basement of 327, coupled with Plaintiff's testimony regarding how he spent the rest of his day performing tasks for 327 and 796, Plaintiff's credibility regarding how he spent his time at 327 (performing work for Defendants or not) is a significant issue for the factfinder in this litigation.

## PURPOSE OF IN LIMINE MOTION

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quotation marks omitted); *see* also *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L.Ed.2d 443 (1984); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 283 (S.D.N.Y.1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Noble v. Sheahan,* 116 F.Supp.2d 966, 969 (N.D.Ill.2000); *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer." *Luce, supra,* 469 U.S. at 41, 105 S. Ct. 460.

**STANDARDS OF ADMISSIBILITY PURSUANT TO THE FEDERAL RULES OF EVIDNCE**

Rule 402 of the Federal Rules of Evidence states that "[a]ll relevant evidence is admissible, except as otherwise provided by ... Act of Congress [or] by these rules . . . evidence which is not relevant is not admissible." Fed. R. Evid. 402. The "standard of relevance established by the Federal Rules of Evidence is not high." *U.S. v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985). Evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence" is relevant. See Fed. R. Evid. 401.

A court does have broad discretion to exclude relevant evidence if the probative values is substantially outweighed by the danger of confusion of the issues or it would be needlessly cumulative. " *U.S. v. Beech-Nut Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989). Rule 403 of the Federal Rules of Evidence also provides for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Evidence is prejudicial if it "involves some adverse effect ... beyond tending to prove the fact or issue that justified its admission into evidence." *U.S. v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995). Because Rule 403 excludes relevant evidence, "it is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.,* 914 F.2d 26, 31 (2d Cir. 1990).

Further, pursuant to Federal Rules of Evidence 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404 (b). Courts in the Second Circuit, "follow an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000) (citing *United States v. Inserra,* 34 F.3d 83, 89 (2d Cir.1994)). The Second Circuit uses a three-part test to determine whether evidence of extrinsic acts is admissible under Rule 404(b). *See United States v. Mickens,* 926 F.2d 1323, 1328 (2d Cir.1991). Accordingly, such evidence is admissible *unless* it is introduced for the sole purpose of showing a defendant's bad character, it is not relevant under Rule 402, or it is overly prejudicial under Rule 403. *Id.,* at 1328 (*emphasis added*).

**PLAINTIFF'S FIRST MOTON IN LIMINE SHOULD BE DENIED**

Plaintiff's first Motion In Limine seeks to exclude "evidence and testimony at trial regarding plaintiff's conduct in the basement." Such motion is wildly overbroad as it implicates any alleged acts by Plaintiff. One of the primary issues for the finder of fact is how many hours Plaintiff worked for Defendants at 327 which goes to the question of liability for overtime and damages. Plaintiff acknowledges as such in his motion papers. See Motion In Limine No. 1, p. 5. Accordingly, testimony regarding Plaintiff's activities in the basement are relevant pursuant to FRE 402 because it follows that any time spent engaging in personal activities in the basement could not be time spent by Plaintiff performing work at 327 on behalf of Defendants.

Defendants are also not seeking to put forth such evidence for the purpose of demonstrating that Plaintiff engaged in bad acts or illegal behavior. Rather, Defendants seek to introduce such evidence to demonstrate that Plaintiff could not work all the hours he claimed he worked for Defendants because Plaintiff was spending several hours of his day performing

activities that were not related to any alleged work performed by Defendants and for which Defendants did not make Plaintiff suffer work. Given, Plaintiff's incredible testimony that he worked, twenty to forty hours in the basement alone, as well as the other tasks he alleged he performed on behalf of Defendants, as well as spending forty hours a week performing work at 796, the time Plaintiff spent selling parts on Craigslist and other time Plaintiff spent engaged in non-work related tasks (i.e., sleeping, eating, running errands), there is a significant issue as to Plaintiff's credibility as it relates to the number of hours Plaintiff performed work for Defendants. *Id.*, pp. 56:18-58:12;79:6-91:21.

As set forth above, there is significant evidence that the basement of 327 (which Plaintiff had a lease to use) was used for the purposes of engaging in activities that had nothing to do with work Plaintiff performed on Defendant's behalf. See Gringer Aff., Ex. C. Although Plaintiff denied he engaged in any such activities in the basement, he did plead the Fifth Amendment as it relates to whether a slot machine was located in the basement of 327. See Gringer Aff., Ex. B., pp. 53:20-54:9; 139:15-140:2.[2] As Plaintiff had a lease to use the basement, Plaintiff was clearly devoting a significant part of his day towards engaging in such activities which were clearly not work related and are relevant to the question regarding how many hours Plaintiff performed work for Defendants. Accordingly, such evidence is clearly relevant pursuant to FRE 402.

Likewise, such evidence should not be excluded pursuant to FRE 403 since it is not so overly prejudicial to warrant exclusion. Plaintiff should not be able to use as a sword the fact that he engaged in acts a factfinder may not approve of as a basis to exclude such testimony. To hold

[2] The references to horse racing are of particular note as horse racing is an activity that typically takes place during the afternoon (and one of the pictures identifies afternoon post times) - precisely the time Plaintiff claims he was performing work for Defendants.

otherwise would allow Plaintiff to benefit from engaging in acts Plaintiff may find embarrassing so to improperly inflate the number of hours he claims he worked for Defendants.

Moreover, such testimony should not be precluded pursuant to FRE 404 because it is being used for reasons other than Plaintiff's character.[3] Rather, it is being used to rebut the number of hours Plaintiff claims he worked for Defendants. FRE 404(b) clearly permits such evidence when it is being used for a legitimate purpose other than to show Plaintiff's character and balancing the relevancy of such evidence, it should not be excluded. Accordingly, Plaintiff's First Motion in Limine should be denied.

## PLAINTIFF'S SECOND MOTION IN LIMINE IS MOOT

Plaintiff's Second Motion in Limine seeks to preclude Defendants from asking questions concerning Plaintiff's arrests. Defendants do not intend to ask such questions at trial and such motion is moot.[4]

## PLAINTIFF'S THIRD MOTION IN LIMINE SHOULD BE DENIED

Plaintiff's Third Motion in Limine seeks to exclude evidence of wages he received from other sources during his alleged employment with Defendants. Plaintiff asserts such evidence is not relevant pursuant to FRE 402 and should be excluded pursuant to FRE 403 because it is prejudicial.

Plaintiff argues that such evidence is not relevant pursuant to FRE 402 because the amounts Plaintiff made from other sources has no bearing on the wages paid by Defendants to

---

[3] Defendants would not object if Your Honor would give an instruction to the jury that the purpose of the introduction of such evidence is proffered to refute the number of hours worked by Plaintiff for Defendants at 327 and not for demonstrating Plaintiff's propensity to commit bad acts.

[4] Defendants reserve their right to question Plaintiff about his convictions on cross examination. Plaintiff denied that he had ever been involved in any criminal law matters. See Gringer Aff., Ex., B, p. 8:4-6. However, that is inaccurate as criminal reports show Plaintiff has been convicted of criminal possession of stolen property and criminal possession of a controlled substance. Plaintiff's failure to be truthful at his deposition clearly implicates his credibility.

Plaintiff. Plaintiff's Motion In Limine No.3, p. 4. This is an overly simplistic argument regarding why such evidence should be excluded. Such evidence is relevant to the extent income Plaintiff received from other sources during the time Plaintiff alleges he was employed by Defendants shows Plaintiff was engaged in work or other activities not related to the work he performed at 327 and thus is relevant to the number of hours worked by Plaintiff for Defendants. It stands to reason that if Plaintiff received income from other activities, he presumably spent time performing such activities and conversely would not be able to spend the number of hours he claimed to have worked for Defendants. Accordingly, income received by Plaintiff from other sources during his alleged employment with Defendants is clearly relevant to the case herein.

Further, such evidence should not be excluded pursuant to FRE 403. Plaintiff has cited no cases which support his argument that payments received regarding income obtained from third parties for work performed for such parties would be prejudicial to Plaintiff. *Hart v. RCI Hospitality Holdings, LLC*, 90 F. Supp.3d 250, 260 (S.D.N.Y. 2015)[5] is clearly distinguishable as this is not the case where Plaintiff received income from another source for the work he alleged he performed by Defendant but rather for work performed by other entities during Plaintiff's employment. Thus, the concern that a rational fact finder may be confused or prejudiced is not present as a rational factfinder would not impute payments received by Plaintiff from other sources to Defendants. Likewise, *Campos v. Evdoixa Zoupoundis*, 2011 U.S. Dist.

---

5 In *Hart*, supra, 90 F. Supp.3d at 260, the court permitted limited testimony regarding performance fees paid by adult club patrons to exotic dancers as it went to defendant's state of mind which was relevant to the issue of liquidated damages. In holding such payments were not admissible for other purposes, the court noted that to allow testimony regarding payments paid by third parties relating to work performed by plaintiff that was the subject of the lawsuit could be prejudicial as a juror may act out of resentment that the plaintiff received compensation from another party regarding the work plaintiff performed and for which the plaintiff was seeking to be compensated from the defendants in the action. *Id.* Herein, there is no such concern as Defendants are not seeking to introduce evidence relating to performance fees and/or payments Plaintiff received from other sources concerning alleged work Plaintiff performed for Defendants.

Lexis 2011 WL 4852491 *1 (D. Conn. 2011) is not relevant as in that case the court merely held that Defendants could not offer evidence of a tip credit since they did not produce any evidence that they provided plaintiff with notice of such credit and as a matter of law Defendants could not avail themselves of the tip credit. Accordingly, the relevance of such evidence clearly outweighs any purported prejudice to Plaintiff and such evidence should not be excluded.[6]

## CONCLUSION

For the reasons set forth herein, Defendants request that the Court deny Plaintiff's First Second and Third Motion In Limine, along with such other and further relief as the Court deems just and proper.

Date: October 8, 2020
Garden City, New York

Respectfully submitted,

/s

Martin Gringer, Esq.
Joshua Marcus, Esq.
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, New York 11530
516.228.3131
jmarcus@franklingringer.com

To: John M. Gurrieri, Esq.
**LAW OFFICES OF JUSTIN A. ZELLER, P.C.**
*Attorneys for Plaintiff*
277 Broadway, Suite 408
New York, NY 10007
212.229.2249
jmgurrieri@zellerleagal.com

---

[6] To the extent the Court believes a limiting instruction to the jury regarding the nature of such evidence is necessary, Defendants would not object to such instruction.